Dennis Minchew, a minor, age nine, has been previously declared a dependent child. He has been in the custody of the Mobile County Department of Human Resources since 1984. For three years he has been under supervision and treatment of the Mobile County Mental Health Center and a resident of a mental health facility. He is hyperactive and suffers from developmental disorders. Dennis and his mother have participated in joint therapy sessions weekly with educational counselors under the supervision of a child psychiatrist. He has had supervised and unsupervised visitations with his mother. The identity of his father is not revealed.
At a review hearing of the case before the Juvenile Court of Mobile County in May 1986, the mother petitioned the court for a greater number of unsupervised visits with Dennis. The court authorized such visits and set the matter for hearing in August.
At the hearing on August 1, 1986, the Department of Human Resources requested that all visitation contact between Dennis and his mother be discontinued for a period of a year. The hearing disclosed that Dennis had visited with his mother and older brother for three days during fourth of July holidays. After returning from that visit he was angry and violent. It appeared that any progress in controlling his condition had been lost. The psychiatrist and counselors testified that they considered *Page 311 
visits with Dennis's mother were so upsetting and disruptive to his therapy that contact with her should be stopped for a period of six months to a year. The psychiatrist concluded that Dennis was not progressing at this time and that stopping contact with his mother was necessary to determine if the visitations were contributing to the lack of progress.
Counsel for the mother requested the court to appoint another psychiatrist to examine Dennis to secure a second opinion. The request was not granted. The court ordered visitation privileges of the mother suspended for six months until March 13, 1987. At that time the court would hold another review. The order of the court entered on September 12, 1986 stated in part the following:
 "It is the finding of this Court that due to the present emotional and mental condition of said child and the problems in controlling his behavior and the unique problems of his emotional and mental treatment, that it is in said child's best interest to restrict visitation privileges of the mother with said child for a period of time to determine if said exclusion is beneficial to the child and his development."
The mother has appealed, presenting two issues for our consideration. The first issue is whether the trial court abused its discretion in terminating the visitation rights of the mother for a period of six months.
Couched in the wording of the issue is the recognition that a decision as to the visitation rights of the mother with a child who has been found dependent and brought under the jurisdiction and protection of the court is a matter for the court's discretion. The supervision and protection of such a child will be retained by the court until the child becomes twenty-one years of age unless terminated prior thereto by the court. § 12-15-32, Code 1975. Section 12-15-71(a)(5) empowers the court which has found a child to be dependent to make such orders as the court in its discretion shall deem to be for the welfare and best interests of the child. This court has interpreted that power broadly to mean that its only parameter is the best interests and welfare of the child. Sanders v.Guthrie, 437 So.2d 1313 (Ala.Civ.App. 1983); Miller v.Alabama Department of Pensions Security, 374 So.2d 1370
(Ala.Civ.App. 1979). Our appellate courts have long and consistently held in child custody cases that denial of visitation of a parent is a matter within the broad discretion of the trial court if such denial is determined after hearing to affect the best interests and welfare of the child. Fricksv. Fricks, 428 So.2d 80 (Ala.Civ.App. 1983). The application of such a holding seems particularly appropriate in a case where it has been found necessary to remove the child from the custody of a parent who acknowledged more than three years ago that she could no longer provide proper supervision for the child.
After reading the record in this case, this court has been very impressed with the efforts of the trial judge to protect, in three years of review hearings, the welfare, mental treatment, and best interests of Dennis Minchew. We are convinced that the evidence fully supports the suspension of the mother's visitation with the child. There presently remains only one month until the order for the suspension expires. We can only hope that the child's mental condition has improved.
The second issue submitted on appeal is whether the court abused its discretion in denying the mother's request for a second-opinion psychiatric examination of the child.
Again we note that the issue as stated concedes the granting or denial of such an examination to be within the discretion of the court. We perceive of no reasonable basis for directing the appointment of a second psychiatrist to give Dennis a brief examination. Clearly, the court, which has known the case for three years and has heard the testimony of an admittedly qualified psychiatrist, may not be found to have abused its discretion by denying the appointment of another psychiatrist. Section 12-15-69, Code 1975, authorizes the appointment of a psychiatrist to examine a child after a petition alleging *Page 312 
dependency is filed. There appears no authority to appoint another to aid the court in exercising its discretion as to parental visitation. We find no abuse of discretion as to either issue presented on appeal.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of section12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.