MADDOX, Justice.
This is a dispute over the custody of R.N.C., a four-year old girl, between the mother, T.I., and the paternal grandmother, R.C.L.[1] We granted the grandmother’s cer-tiorari petition to review the reversal by the Court of Civil Appeals of the trial court’s judgment awarding custody to her. We reverse and remand.
Most of the relevant facts are stated in the opinion of the Court of Civil Appeals, which should be read in conjunction with this opinion. We recite only those facts necessary for our discussion.
During 1989, following the child's birth in February of that year, the grandmother cared for the child while the mother was ill, and the grandmother has had continuous custody since the child was seven months old. On November 6, 1989, the grandmother petitioned for temporary custody of the child, offering in support an affidavit of her son, *921 the child’s father, J.M.C., alleging that the mother had recently been released from a mental hospital and was mentally unstable and that it was in the child’s best interests for the grandmother to have temporary custody. The trial court awarded the grandmother temporary custody that same day.
On February 22, 1991, the mother petitioned for custody, alleging that the child had been taken from her without her permission; that it was in the child’s best interests to be returned to her; and that she was a fit and proper person to have custody. Following a hearing on February 26, 1991, at which several witnesses, including the mother and the grandmother, testified, the trial court ordered, “after consideration of the [p]etition, stipulations by the attorneys of record, and agreements' of the parties,” that temporary custody of the child remain with the grandmother and that the Department of Human Resources (“DHR”) conduct home studies of the mother and the grandmother and make a report of these studies. The trial court delayed making a permanent custody order.
The trial court held another hearing on October 24, 1991. The witnesses were the mother, the father, the grandmother, the mother’s sister, a friend of the mother, the father’s ex-wife, and a DHR social worker. Following the hearing, the trial court found that “from all testimony offered the child has thrived in [the grandmother’s] custody” and that the mother was “presently unfit to have custody of this minor child,” in part because “[she] has a history of moving from city to city and has not shown to this Court’s satisfaction that she can provide a stable home for the minor child.” The trial court ordered that custody remain with the grandmother but awarded the mother visitation rights.
Upon the mother’s appeal, the Court of Civil Appeals reversed and remanded, holding that the mother had “a presumptive superior right to the custody of her child” that was unaffected by the original award of temporary custody because the mother had had no notice of the grandmother’s petition and had had no opportunity to be heard, and holding that the mother was not “guilty of such misconduct or neglect that she is unfit or unsuited for custody,” and therefore that “her superior right to custody” had not been overcome. T.I. v. R.C.L., 627 So.2d 916 (Ala.Civ.App.1992) (citing Ex parte Terry, 494 So.2d 628 (Ala.1986)). That court ordered the trial court to award custody to the mother.
The grandmother asserts that the decision of the Court of Civil Appeals conflicts with certain prior decisions, on several grounds. We need not set out or address each ground, because we consider one ground to be dispositive — whether the decision conflicts with the holding of Ex parte McLendon, 455 So.2d 863, 865 (Ala.1984), that the presumption in favor of a natural parent “does not apply after a voluntary forfeiture of custody or a prior decree removing custody from the natural parent and awarding it to a nonparent.”
Although the grandmother does not dispute that the mother had no notice and no opportunity to be heard on the original petition, she argues that the order continuing temporary custody with her was a prior decree removing custody from the mother, after notice and a hearing. She also argues that the mother voluntarily forfeited custody of her child. On either basis, she says, according to McLendon, “the Court of Civil Appeals has incorrectly clothed the mother with a presumptive superior right to custody and incorrectly shifted the burden of proof to the grandmother.” Petitioner’s brief at 7.
On the grandmother’s application to the Court of Civil Appeals for rehearing, that court addressed the “prior decree” exception to the presumption in favor of the mother and concluded that the order continuing custody with the grandmother was not an award of temporary custody, but was instead a pen-dente lite order, to which the McLendon rule does not apply. That court did not address the “voluntary forfeiture” exception.
We agree that this was a pendente lite order, because the trial court directed that home studies of the parties be conducted, and the trial court also reserved the question of permanent custody; therefore, it seems clear that the trial court intended for *922 the order to be effective only during the pendency of the litigation. Furthermore, as to an issue not previously addressed by this Court, but consistent with a number of decisions of the Court of Civil Appeals, we also agree that the McLendon rule does not apply to pendente lite orders, so that such orders do not defeat the presumption in favor of the natural parent. E.g., Wright v. Wright, 602 So.2d 421 (Ala.Civ.App.1992); J.F. v. A.G., 607 So.2d 234 (Ala.Civ.App.1991); and Sims v. Sims, 515 So.2d 1 (Ala.Civ.App.1987).
The trial court did not state its reasons for shifting the burden of proof to the mother. If it did so because of the prior order continuing custody with the grandmother, then, according to our holding, it erred. However, if it shifted the burden based on a finding that the mother voluntarily forfeited custody, then the shifting of the burden of proof to the mother was proper and the application of the presumption in favor of the mother by the Court of Civil Appeals was inconsistent with McLendon.
In any event, the Court of Civil Appeals should not have applied the presumption and ordered that custody be awarded to the mother without knowing the trial court’s basis for shifting the burden of proof. For this reason, we reverse the judgment and remand the case to the Court of Civil Appeals, with instructions to remand the cause to the trial court for further proceedings. Upon remand, the trial court should state its reasons for shifting the burden of proof to the mother, or, if it determines, in light of this opinion, that its findings do not support shifting the burden of proof to the mother, then it should determine whether the grandmother met her burden of proof.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ALMON, SHORES, ADAMS, HOUSTON, STEAGALL and INGRAM, JJ., concur.

. T.I. contended at the custody hearing that R.C.L.'s son, J.M.C., is not the child’s father, but the trial court found that a common law marriage existed between J.M.C. and the mother and referred in its order to J.M.C. as the father, and paternity is not an issue in this case; consequently, we consider R.C.L. to be the paternal grandmother.