MURDOCK, Judge,
concurring specially.
The majority opinion cites Ex parte Couch, 521 So.2d 987 (Ala.1988), to support its conclusion that the “best interests” of the child standard should apply in this case. At issue in Couch was whether a presumption under Ex parte McLendon, 455 So.2d 863 (Ala.1984), should be applied in favor of one parent over the other. In Ex parte McLendon, our Supreme Court explained that when there has been , “a voluntary forfeiture of custody or a prior decree removing custody from the natural parent” and the forfeiture or decree “has been acted upon ... to the manifest interest and welfare of the child, the parent [without custody] will not be permitted to reclaim the custody of the child, unless [s]he can show that a change of the custody will materially promote h[er] child’s welfare.” Ex parte McLendon, 455 So.2d at 865.
The majority notes that there has been no previous custody award in this case. I write specially simply to note also that there is no issue of voluntary forfeiture in this case. See generally Ex parte R.C.L., 627 So.2d 920 (Ala.1993); McGinnis v. McGinnis, 567. So.2d 390 (Ala.Civ.App.1990). Accordingly, I concur in the decision to remand the case for application of a “best interests” standard.