YATES, Presiding Judge,
dissenting.
I believe that the trial court abused its discretion in granting the grandparents’ petition to intervene on the day of the hearing. I also believe that the trial court erred in granting permanent custody to the paternal grandparents when the only petition before the court by the grandparents was a petition for custody pendente lite.
On June 30, 2000, the father petitioned for custody of the child. Before the father filed his petition, the three-year-old child had been living with her mother. On September 15, 2000, the mother petitioned to establish paternity and child support. On September 21, 2000, the grandparents filed a motion “to intervene and motion for custody, pendente lite.” On October 3, 2000, the day of the hearing, the trial court granted the paternal grandparents’ motion to intervene. Before the day of trial, the *213 custody dispute was between the mother and the father, who was an admitted drug user. Although the trial court states in its order awarding the grandparents permanent custody that it granted the motion to intervene before the hearing in this matter, it is clear from the transcript that the motion was granted on the day of the hearing, giving the mother no time to prepare. At the hearing, counsel for the father stated that the father was participating in a drug-rehabilitation program. Counsel further stated that, as between the mother and the father, the father would be the most fit person. Counsel stated that as between the father, the mother, and the grandparents, the grandparents would be “most suited” to have custody of the child. Additionally, counsel stated that counsel would prefer the grandparents to have the child as opposed to the father. It appears from counsel’s statements that the father, for all intent and purposes, was withdrawing his petition, although counsel stated that he was not withdrawing the petition, “I am just stipulating to the Court that if it stands between my client and the biological mother, we are better than she is.” Tellingly, the father did not appear, nor did he call any witnesses. Following the hearing, the trial court found both the mother and father unfit, and awarded permanent custody to the grandparents. Both the mother and the father were awarded unsupervised visitation with the child.
It appears that counsel for the mother and the grandparents believed that the hearing was a pendente lite hearing and not a hearing for permanent custody. The grandparents’ motion indicates that they were seeking pendente lite custody and subsequently to be awarded “custody of the minor child upon a final hearing in the cause.” At the hearing, counsel for the grandparents stated:
“[The grandparents] are not out here seeking the added burden in their life to raise a child. This child at this point in its life needs that lady over there [the grandmother]. Maybe not forever, but for right now. Get these teeth fixed. If this young lady demonstrated that she is caring and capable to take care of this child, let her have the child. But for right now, the child needs to be here and get the care the child (INAUDIBLE).”
The mother argued in her motion to alter, amend, or vacate the judgment, that the trial court erred in awarding permanent custody to the grandparents, because the only petition before the court at the hearing was the grandparents’ motion for custody pendente lite. The mother’s motion stated:
“That on October 3, 2000, this Court, by granting custody to the paternal grandparents, clearly denied due process to your Petitioner herein. Further, at the time this Court granted custody to the paternal grandparents, the only pleading pending was their Petition for Custody Pendente Lite. There was no petition for the paternal grandparents to take full custody of the minor ehild[;] consequently, your Petitioner herein, at the time of the Pendente Lite hearing, had not ‘completed the discovery necessary to adequately defend a claim for full custody. Further, your Petitioner herein had no notice that the paternal grandparents were requesting full custody of the minor child or that the October 3, 2000 hearing was anything other than a temporary hearing.”
To satisfy the essential requisite of procedural due process, parties must be given timely notice of a hearing, and that notice must adequately inform the parties of the specific issues they must prepare to meet. Ex parte Shuttleworth, 410 So.2d 896, 899 *214 (Ala.1981). “Failure to observe the fundamental requirements of due process has resulted in instances, which might have been avoided, of unfairness to individuals and inadequate or inaccurate findings of fact and unfortunate prescriptions of remedy.” In re Gault, 387 U.S. 1, 19-20, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967).
Pendente lite orders awarding custody to a nonparent do not defeat the mother’s presumptive superior right to custody of a child over that of the nonparent. Ex parte R.C.L., 627 So.2d 920 (Ala.1993). Consequently, the ramifications of litigating a petition seeking pendente lite custody as opposed to one seeking permanent custody are substantial. I note that this was an initial custody determination and that the father had not yet been adjudicated to be the father of the child. It appears that both counsel for the mother and counsel for the grandparents believed that the hearing was a pendente lite hearing — not a hearing at which permanent custody must be determined. Although I recognize that the mother did not object when the grandparents were included as intervenors on the day of the hearing, this, I think, was because of her belief that the hearing was set only for pendente lite custody. Therefore, I believe that the mother was not afforded due process when the trial court failed to give her prior notice that it was considering the grandparents as permanent custodians for the child. She was denied the opportunity to present evidence challenging the suitability of a nonparent when the trial court entered a permanent order of custody after the father essentially withdrew his petition for custody in open court and the grandparents had petitioned only for custody pendente lite.