MURDOCK, Judge,
dissenting.
The main opinion indicates that a parent does not have to be found unfit in order for his or her child to be found dependent and, further, that a judgment of dependency may be based upon the “best interests” of the child:
“A parent does not have to be found unfit when a child is determined to be dependent and custody is placed with a relative to protect the welfare of the child .... A judgment of dependency and the subsequent transfer of custody are provided for in § 12-15-71, Ala. Code 1975, and are governed by the best interests of the child. Jones v. Webb. 524 So.2d 374 (Ala.Civ.App.1988).”
911 So.2d at 4.
It is true that § 12-15-1(10), Ala.Code 1975, contains some subsections that define a dependent child in such a way as to avoid the need for a showing of parental unfits ness. Subsections a. and b., among others, appear to anticipate situations where no parent is involved in the child’s life, however. Where a parent is involved in a child’s life, however, those and other subsections in § 12-15-1(10) arguably contemplate a finding of parental unfitness, abandonment, or some other concern rising to the level of a compelling state interest before a child can be found to be dependent. Such an understanding of § 12-15-1(10) and its various definitions of a dependent child would be consistent with well-established state-law principles applicable to custody cases generally, see Ex parte Terry, 494 So.2d 628 (Ala.1986); Ex parte McLendon, 455 So.2d 863 (Ala.1984); R.K. v. R.J., 843 So.2d 774 (Ala.Civ.App.2002); C.P. v. W.M., 837 So.2d 860 (Ala.Civ.App.2002); and D.C. v. C.O., 721 So.2d 195 (Ala.Civ.App.1998), and with applicable federal constitutional principles, see R.K., 843 So.2d at 780-82; L.B.S. v. L.M.S., 826 So.2d 178, 188 (Ala.Civ.App.2002) (Murdock, J., concurring in the judgment of reversal only); and D.M.P. v. State Dep’t of Human Res., 871 So.2d 77 (Ala.Civ.App.2003) (plurality opinion) (discussing and quoting from Roe v. Conn, 417 F.Supp. 769 (M.D.Ala.1976)); see also R.S.C. v. J.B.C., 812 So.2d 361, 367-72 (Ala.Civ.App.2001).[3]
*7 As for the statement in the main opinion that “[a] parent does not have to be found unfit when a child is determined to be dependent and custody is placed with a relative to protect the welfare of the child,” 911 So.2d at 5, that statement can be traced to the special writing of Judge Thigpen in C.P. v. M.K., 667 So.2d 1357, 1359 (Ala.Civ.App.1994) (Thigpen, J., concurring specially in part and dissenting in part). This statement by Judge Thigpen was quoted with approval by the Court of Civil Appeals in W.T. v. State Department of Human Resources, 707 So.2d 647 (Ala.Civ.App.1997). In that case, however, dependency itself was not at issue. The trial court had found the child to be dependent in an earlier proceeding and had placed “temporary” custody of the child with a grandparent. In the subsequent “disposi-tional phase” of the dependency proceeding, both the father and the mother vied for custody of the child, both conceding for purposes of that proceeding that the child was dependent. The final dispositional hearing, therefore, was not, as it is in the present case, the final hearing as to the issue of dependency, combined with a dis-positional determination, see § 12-15-65(f), but rather was purely a “dispositional phase” hearing under § 12-15-71. As noted in W.T., 707 So.2d at 649, “[t]he parental presumption set out in cases such as [Ex parte] Terry [, 494 So.2d 628 (Ala.1986),] and [Ex parte] D.J. [, 645 So.2d 303 (Ala.1994),] does not apply ... in the dis-positional phase of a dependency proceeding under § 12-15-71(a), Ala.Code 1975.” (Emphasis added.) The hearing and resulting judgment from which F.G.W. appeals in the present case, however, was a combination of the adjudicatory phase and the dispositional phase of the dependency proceeding. The fact that a pendente lite transfer of custody occurred earlier in the case does not avoid the need for a finding of dependency under § 12-15-1. See Ex parte R.C.L., 627 So.2d 920 (Ala.1993). See also K.B. v. Cleburne County Dep’t of Human Res., 897 So.2d 379, 389 (Ala.Civ.App.2004) (Murdock, J., concurring in the result) (citing § 12-15-65(d) and (f), § 12-15-71(a), and Phillips v. Alabama Dep’t of Pensions & Sec., 394 So.2d 51, 52-53 (Ala.Civ.App.1981)).
The main opinion also states that “[m)at-ters of dependency and child custody are within the discretion of the trial court” and that “[a] judgment of dependency and the subsequent transfer of custody are provided for in § 12-15-71, Ala.Code 1975, and are governed by the best interests of the child.” 911 So.2d at 6 (emphasis added).
Section 12-15-71 governs the disposi-tional phase of a dependency proceeding. Under that section, the disposition of a child found to be dependent is indeed governed by a “best interest” determination to be made in the “discretion” of the trial court. Indeed, § 12-15-71(a)(4) expressly authorizes a trial court to “[m]ake any other order as the court in its discretion shall deem to be for the welfare and best interests of the child.” (Emphasis added.) See, e.g., Minchew v. Mobile County Dep’t of Human Res., 504 So.2d 310 (Ala.Civ. *8 App.1987). The adjudicatory phase of a dependency proceeding, however, is not governed by § 12-15-71 or a discretionary, best-interest determination. In order to adjudicate a child dependent, a trial court must determine that one or more of the delineated standards imposed by § 12-15-1(10), which define dependency, is satisfied. Further, in conducting an appellate review of a trial court’s determination in this regard, we must be able to conclude that the evidence supporting that determination was sufficient for a reasonable fact-finder to consider it “clear and convincing.” See § 12-16-66(0; M.M.S. v. D.W., 735 So.2d 1230, 1233 (Ala.Civ.App.1999).
The main opinion cites Ex parte D.J., 645 So.2d 303 (Ala.1994), N.G. v. L.A., 790 So.2d 262 (Ala.Civ.App.2000), and Ex parte Terry, 494 So.2d 628 (Ala.1986), all of which are custody cases, for the proposition that the common-law presumption that a child’s best interests are served by entrusting its care and custody to the natural parents can be overcome only by a finding that a parent is unfit or has voluntarily forfeited custody of the child or that the trial court has removed custody from the parent to the nonparent. In this case, the parent has not voluntarily forfeited custody of the child. Nor is there a judgment removing custody from the parent to a nonparent so as to avoid a finding of unfitness. See Ex parte R.C.L., 627 So.2d at 921-22 (holding that a pendente lite transfer of custody, as occurred in the present case, is not sufficient to remove the custodial presumption favoring the parent). Applying the cited cases, the presumption in favor of the natural parent could be overcome in this case, therefore, only by a clear and convincing showing of unfitness.
Because I do not believe the record contains evidence from which the juvenile court reasonably could have found that dependency had been clearly and convincingly proven, I must respectfully dissent.

. The law does not allow a state to substitute its judgment for that of a parent as to what is in a child’s best interest; there must be a problem such as parental unfitness, abandonment, or some other comparable concern rising to the level of a compelling state interest justifying judicial intervention in the fundamental parental right to the care, custody, *7 and control of a child. See L.B.S., supra, and R.S.C., supra. In K.B. v. Cleburne County Dep’t of Human Res., 897 So.2d 379, 389 (Ala.Civ.App.2004) (Murdock, J., concurring in the result), I noted that standards listed in § 12-15-1(10) "do in fact speak to the issue of parental unfitness, or in some cases neglect or abandonment, or other comparable problems giving rise to a compelling state interest in interfering with the natural parent/child relationship." Those standards appear no less stringent than the standards announced in Ex parte Terry, 494 So.2d 628 (Ala.1986), for rebutting the presumption in favor of a parent's right to the custody of his or her child.