THOMPSON, Judge,
dissenting.
In the instant case, the maternal grandparents filed a petition in the juvenile court alleging that the child was dependent. In that petition, the maternal grandparents also indicated that they were seeking custody of the child. The maternal grandparents attached a “statement” made in support of their petition that alleged facts indicating that the child was a dependent child, as defined under § 12-15-1(10), Ala.Code 1975. The juvenile court later found the child to be dependent; neither party challenged the juvenile court’s finding of dependency on appeal.
In O.L.D. v. J.C., 769 So.2d 299, 302 (Ala.Civ.App.1999), this court stated:
“1 “When the petitioners alleged that the child was dependent, that terminology triggered the trial court to utilize the dependency statutes of the juvenile code.”’ W.T. v. State Dep’t of Human Resources, 707 So.2d 647, 650 (Ala.Civ.App.1997), quoting C.P. v. M.K., 667 So.2d 1357, 1360 (Ala.Civ.App.1994) (Thigpen, J., specially concurring in part and dissenting in part). Upon finding a child to be ‘dependent,’ the court may make any order of disposition necessary to protect the welfare of the child, including transferring legal custody of the child to a relative. § 12-15-71(a)(3)c., Ala.Code 1975; Jones v. Webb, 524 So.2d 374 (Ala.Civ.App.1988). This court held in W.T. that the parental presumption set forth in Ex parte Terry[, 494 So.2d 628 (Ala.1986),] and Ex parte D.J.[, 645 So.2d 303 (Ala.1994),] is not applicable in the dispositional phase of a dependency proceeding under § 12-15-71(a). W.T., supra. The appropriate standard to be applied in the dispositional phase of a dependency proceeding is the ‘best interests of the child’ standard. Id. See also Jones, supra, and D.K.G. v. J.H., 627 So.2d 937 (Ala.Civ.App.1993). Further, there is no requirement that the court find a parent unfit when dependency is found and custody is placed with a relative to protect the welfare of the child. W.T., supra.”
*213 See also A.J.J. v. J.L., 752 So.2d 499 (Ala.Civ.App.1999)(quoting with approval this court’s holding in O.L.D. v. J.C.).
In this case, after finding the child dependent, the juvenile court should have applied the “best-interest-of-the-child standard” to determine if transferring legal custody of the child to the maternal grandparents was proper to protect the welfare of the child. See O.L.D. v. J.C., supra. The juvenile court’s determination of dependency in this case obviated any necessity to apply the heightened custody-modification standard found in Ex parte McLendon, 455 So.2d 863 (Ala.1984), or to make any additional finding of unfitness as dictated by Ex parte Terry, 494 So.2d 628 (Ala.1986). However, any error in the juvenile court’s application of the McLendon or Terry custody standards in this case is harmless error because the maternal grandparents necessarily met the “best interests” standard. See I.M. v. J.P.F., 668 So.2d 843, 845 (Ala.Civ.App.1995)(“We note that the trial court applied the McLendon standard here rather than the ‘best interest’ standard, but because the McLendon standard is more stringent, the trial court’s error in that regard is harmless.”); see also O.L.D. v. J.C., supra.
I find that the juvenile court’s decision finding the child to be dependent and awarding custody to the maternal grandparents to be supported by the evidence in the record on appeal. Therefore, I must dissent.