ROBERT P. BRADLEY, Retired Appellate Judge.
This is a child custody case.
Delbert Joe Michael, Jr. (father) and Sandra Michael (mother) were divorced on May 30, 1984 and, pursuant to the divorce decree, custody of the minor child was granted to the mother. On July 11, 1989, the father filed a petition in the Circuit Court of Marshall County, Alabama for custody of the child, alleging that the mother was a chronic shoplifter and had begun shoplifting in front of the child. The court immediately entered an order granting temporary custody to the father. On September 22, 1989, following a hearing pendente lite, the trial court ordered temporary custody to remain with the father and awarded the mother visitation rights. The court ordered the Department of Human Resources (DHR) to investigate the mother’s home and to request a similar investigation of the father’s home in Nashville by the Tennessee DHR.
On October 26, 1989, Herman Swords (maternal grandfather) filed a motion to intervene and a petition seeking permanent custody of the child. At trial, the record of the DHR investigation of the mother’s home was introduced but the Tennessee DHR had not yet investigated the father’s home. After the trial, the court granted permanent custody of the child to the maternal grandparents, with visitation rights for both natural parents. From that judgment, only the father appeals.
*837 Matters of child custody and visitation decided following an ore tenus proceeding are subject to the trial court’s discretion, and the court’s decision on these issues will not be reversed unless it reflects an abuse of discretion or plain error. Self v. Fugard, 518 So.2d 727 (Ala.Civ.App.1987).
The father maintains that the trial court’s award of custody to the grandparents was an abuse of discretion, absent a finding that the father was unfit. The trial court’s opinion stated that placing the custody of the child with the father would not “materially promote the best interest of the child [and that] the child’s best interests would be promoted by placing his custody with the maternal grandparents.” In reaching this determination the court did not apply the standard set out in Ex Parte Terry, 494 So.2d 628 (Ala.1986), which we believe is controlling on these facts.
It is well settled in Alabama that the paramount consideration in child custody cases is the best interests of the child. Brown v. Alabama Dept. of Pensions & Security, 473 So.2d 533 (Ala.Civ.App.1985). It is equally well settled that a child’s natural parent has a prima facie right to custody in a contest between the parent and a nonparent. Terry; Self This presumption recognizes that, as a matter of law, the best interests and welfare of the child are served by maintaining parental custody. Terry. It is not until the natural parent is found unfit or unsuited for custody that the presumptive right is overcome. Terry; see also Ex Parte Berryhill, 410 So.2d 416 (Ala.1982).
This presumption does not apply after a voluntary forfeiture of custody or a prior decree removing custody from the natural parent and awarding it to a nonparent. Ex Parte McLendon, 455 So.2d 863 (Ala.1984). After such a forfeiture or decree, the natural parent may not reclaim the custody of the child unless the parent can show that a change would materially promote the child’s welfare. McLendon.
The evidence in the present case establishes that the father never voluntarily forfeited custody of the child to the grandparents, nor was custody removed from the father and awarded to the grandparents by a prior decree. The father never transferred custody of the child to the grandparents by fair agreement. Therefore, this ease is simply a custody dispute between a nonparent and a natural parent who has retained a prima facie right to custody of the child.
It was not, as the court suggested, the father’s burden at trial to prove that a change of custody would materially promote the child’s best interests. Rather, the applicable standard is that followed by the Alabama Supreme Court in Terry, as stated in Ex Parte Mathews, 428 So.2d 58 (Ala.1983):
“The prima facie right of a natural parent to the custody of his or her child, as against the right of custody in a non-parent, is grounded in the common law concept that this primary parental right of custody is in the best interest and welfare of the child as a matter of law. So strong is this presumption, absent a showing of voluntary forfeiture of that right, that it can be overcome only by a finding, supported by competent evidence, that the parent seeking custody is guilty of such misconduct or neglect to a degree which renders that parent an unfit and improper person to be entrusted with the care and upbringing of the child in question.” 428 So.2d at 59.
In the present case, the natural father has never been deemed unfit. On the contrary, the court originally awarded the father temporary custody of the child precisely because he was a fit parent; certainly, the court would not have taken the child from one unsuitable home situation merely to place him into another.
The trial court’s opinion did express reservations about the father’s past, which includes four failed marriages and instances of shoplifting and nonpayment of child support. However, the court also recognized positive changes in the father’s life. The record shows that the father has now held steady employment for over three years and began paying child support, including the amount in arrears, after his employment began. There is no evidence *838 of the father’s shoplifting since the time of his divorce from the mother. The father has remarried and the trial court took particular note of his wife’s stability and longtime employment. The record shows that the father and his wife maintained a secure home and structured schedule for the child while the father held temporary custody.
The trial court was “impressed” with the father’s changed lifestyle, but expressed concern that the changes had not existed long enough to receive “sufficient £est.” Obviously, the trial court did not find the father to be an unfit parent but merely a newly reformed one. There is simply no evidence that the father is incapable of providing a stable home for the child, nor is there evidence that the father cannot provide for the child’s material needs. The court’s cautiousness concerning the father’s past is not sufficient to overcome the father’s presumptive right to the permanent custody of the child. Therefore, according to the standard set out by the supreme court in Terry, the judgment of the trial court is reversed and the cause is remanded for further proceedings.
The foregoing opinion was prepared by Retired Appellate Judge ROBERT P. BRADLEY while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED.
All the Judges concur.