ROBERT P. BRADLEY, Retired Appellate Judge.
This is a child custody case.
The father and mother were divorced in 1988, and the mother was awarded custody of the parties’ two minor children. After the divorce, the parties continued to live together in the home of the children’s paternal grandmother. After about a year, the mother secured her own residence and the children lived with her for a short time. However, the mother soon brought the chil *967 dren back to the grandmother’s house to live with the father.
The father subsequently filed a petition for a change of custody and the trial court granted the petition after an ore tenus proceeding. Eighteen months later, the father and mother agreed to share joint custody of the children, with the father having primary physical custody of the children. This agreement was ratified by the trial court.
The father died in an automobile accident in October 1991. The grandmother subsequently filed a “Petition of Intervention” in the Circuit Court of Fayette County, seeking permanent custody of the children. She also sought pendente lite custody pending the outcome of the proceeding, and this was granted by the court. After a full hearing was conducted on the petition, the court awarded custody of the children to the grandmother. The mother appeals.
The sole issue on appeal is whether the trial court employed the proper standard in determining that the grandmother should be awarded custody of the children.
Under Alabama law, a natural parent has a prima facie right to the custody of his or her child. Ex parte Terry, 494 So.2d 628 (Ala.1986). This presumption does not apply after a voluntary forfeiture of custody or a prior decree removing custody from the natural parent and awarding it to a nonparent. Terry. Here, the record does not reveal any voluntary forfeiture of custody by the mother, nor has the court previously awarded custody of the children to a nonparent. Because the joint custody agreement was still effective at the time of the proceeding in this case, the mother had legal custody of the children at that time and was presumed to be the proper person to retain such custody.
In order for a nonparent to overcome the presumption in favor of a natural parent, the court must find from clear and convincing evidence that the parent is so unfit or unsuited for custody that the best interests of the child will be served by granting custody to the third person. Terry.
In this case the trial court did find that the best interests of the children would be served by awarding custody to the grandmother. However, the trial court did not find the mother unfit, nor did its order contain other findings of fact that would support such a conclusion. In view of the strong presumption in favor of the mother and the principles set out in Terry, we do not find that the court could properly award custody of the children to the grandmother without addressing the issue of the mother’s fitness as a parent. Accordingly, we reverse and remand this case to allow the court to render its judgment in accordance with the requirements of Terry.
The foregoing opinion was prepared by Retired Appellate Judge ROBERT P. BRADLEY while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED WITH INSTRUCTIONS.
All the Judges concur.