648 So.2d 614 (1994)
R.H.M.
v.
STATE DEPARTMENT OF HUMAN RESOURCES and M.B.
AV93000493.
Court of Civil Appeals of Alabama.
October 21, 1994.
*615 Pamela R. Scott, Montgomery, for appellant.
Robert J. Russell, Jr. of Parnell, Crum & Anderson, P.A., Montgomery, for appellee.
YATES, Judge.
On December 14, 1993, M.B., the maternal grandmother, petitioned the juvenile court for temporary custody of two minor children of her daughter, R.H.M. The children were born March 6, 1992, and January 20, 1993. She alleged that R.H.M. did not provide appropriate hygiene or medical care for the children and that the father had "demonstrated no desire or inclination to provide for the needs of [the children] in the absence of the mother's ability to do so."
On February 7, 1994, the court ordered the Department of Human Resources ("DHR") to investigate M.B.'s home and the allegations contained in her petition, and to then submit a written report of its findings. DHR visited the homes of M.B. and of R.H.M., interviewed witnesses, and filed its report with the court on February 17, 1994.
On March 3, 1994, R.H.M. filed a motion asking the court to recognize her parental rights to her children, claiming that the grandmother had physical custody of the children and that she refused to relinquish control of them to her. She asked that the court order the grandmother to relinquish custody to her "until such time as there has been a hearing to determine custody."
After a hearing on March 30, 1994, the court ordered:
"1. That the temporary legal custody of [the two children] is awarded to their maternal grandmother [M.B.].
"2. That the mother [R.H.M.] is awarded liberal rights of visitation with the children but said visitation shall be only with the prior consent of the children's grandmother and the mother shall not remove the children from the jurisdiction of the Court.
"3. [E.J.M.] is adjudicated the biological and legal father of [the children]. As [he] and the children's mother have recently married, the father shall exercise visitation with the children at the same time as the mother."
The mother appeals, contending that the trial court abused its discretion in granting temporary custody to the grandmother, arguing that it relied upon a DHR report "that took every statement given by [M.B.] at face value, without verification, as valid and true."
We note at the outset that parental rights were not terminated and that the mother and *616 father were awarded "liberal rights of visitation."
R.H.M. and M.B. both testified at the hearing, as did the children's father and other witnesses. Also presented was the written report of Ann Floyd, a DHR social worker. The report revealed that R.H.M. has another child (not involved in this action) living with M.B. and that M.B. has reared that child since his birth four years ago. Additionally, the report revealed that R.H.M. admitted that her husband "beat her 7 or 8 times very badly and [she] remembers going to the hospital." As to the home of R.H.M., the report noted, "No baby beds, play pen, or any other baby furniture was observed in the home. No toys were observed or any baby items." DHR recommended "that temporary custody of the children be given to the grandmother due to their young age, health problems, and past neglectful incidents."
M.B. testified that one of the children was born with a hole in his heart, that as a result he requires daily medication, and that R.H.M. often forgets to give him the medication. There was conflicting testimony as to the allegations of neglect. At the close of the hearing, the trial judge stated, "I'm going to give this matter some further thought before I made a decision.... I need to reflect on what I have heard here as testimony and argument."
In an initial custody determination between a parent and a nonparent, the "best interest standard" applies. Ex parte J.P., 641 So.2d 276 (Ala.1994). A parent seeking to gain custody of a child that she or he has previously given up, either voluntarily or because of a judgment, must show, by a preponderance of the evidence, that the change would materially promote the child's welfare and that the benefit gained by the change would more than offset the disruptive effect caused by uprooting the child. Ex parte McLendon, 455 So.2d 863 (Ala.1984). Therefore, this court's primary concern, as was that of the trial court, is the best interest of the child.
In a custody dispute between a parent and a nonparent, as here, the parent has a prima facie right to custody. Ex parte Terry, 494 So.2d 628 (Ala.1986). That presumption can be defeated, however, by showing that the parent is unsuited or unfit to have custody of the child. Id.
Apparently, the trial court, without a specific finding of unfitness, determined that, at this time, R.H.M. was not capable of caring for the children. There is a strong presumption of correctness favoring a court's findings in child custody cases when evidence is presented ore tenus; however, a finding of unfitness is necessary in a custody dispute between a parent and a nonparent. Id. Although there is evidence to support the trial court's determination, the judgment must be reversed, and the cause remanded for a finding as to the mother's fitness.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., concurs.
THIGPEN, J., concurs in part and dissents in part.
THIGPEN, Judge, concurring in part and dissenting in part.
Although I concur with the majority that this case must be reversed, I do not agree with the instructions given.
It is noteworthy that this action began with a dependency petition in juvenile court. Inasmuch as the trial court did not address the issue of dependency, but addressed the case as a custody dispute, the principles of a pure custody dispute between a parent and a nonparent apply. See Ex parte Terry, 494 So.2d 628 (Ala.1986).
It continues to be my position that in recognition of the great deference given to the discretion of the trial court in matters involving the custody of children, the proper instruction for the trial court on remand is to make its determination using the correct standard. See Perkins v. Perkins, 646 So.2d 43 (Ala.Civ.App.1993), (Thigpen, J., concurring in part and dissenting in part); aff'd in part, rev'd in part, and remanded, Ex parte Perkins, 646 So.2d 46 (Ala.1994). That posture on remand properly allows the trial court to exercise its discretionary authority to render its judgment in accordance with *617 the requirements of Ex parte Terry, supra. See e.g., Terry v. Terry, 598 So.2d 966 (Ala. Civ.App.1992), and Michael v. Swords, 568 So.2d 836 (Ala.Civ.App.1990). In the case sub judice, the trial court faced an initial custody determination between the biological mother and a nonparent. A biological parent has a prima facie right to custody of his or her child that is superior to the claim of a nonparent. Ex parte Terry, supra. As a matter of law, that "primary parental right of custody is in the best interest and welfare of the child." Ex parte Mathews, 428 So.2d 58, 59 (Ala.1983) (emphasis in original). There are two exceptions when the biological parent's superior right to custody does not apply. See Ex parte Terry, supra, and Terry v. Terry, supra. The first exception, when there is a prior judgment awarding custody to a nonparent, does not apply here since it is undisputed that there was not a prior judgment. The second exception, regarding whether the mother voluntarily forfeited her prima facie right to custody, was not addressed by the trial court, nor on appeal. See Ex parte R.C.L., 627 So.2d 920 (Ala.1993). Absent either of those exceptions, to overcome the strong presumption favoring the mother, the trial court must find from clear and convincing evidence that the mother is unfit. Ex parte Terry, supra. The majority's instruction on remand limits a trial court's discretion by requiring a finding of unfitness to support an award of custody to a nonparent, without recognizing that a trial court may determine that the parent had voluntarily relinquished the favorable presumption.
Although the grandmother did not allege voluntary forfeiture, she presented testimony that might support a favorable finding in that regard. Conversely, the testimony of the mother and the father might support a finding that there was no voluntary forfeiture of that superior right. The trial court and the majority opinion simply "did not address the `voluntary forfeiture' exception." R.C.L. at 921. If the trial court found that the mother had voluntarily relinquished her superior right to custody over a nonparent, there is no presumption to overcome, and therefore, there is no requirement to find the mother unfit. Ex parte Terry, supra. Accordingly, the trial court could render its decision regarding custody without regard to a biological parent's superior right. On remand, I would instruct the trial court "to consider the case in light of the principles established by [the Ex parte Terry, supra] opinion." Ex parte Terry, at 633. Therefore, although I concur that this case must be reversed, I respectfully dissent to the limited instructions given by the majority. That instruction fails to recognize that the trial court may determine that the mother had voluntarily relinquished her superior right to custody, and therefore, the nonparent was not required to prove unfitness to overcome a presumption favoring the mother that did not exist in this case.