Although I concur with the majority that this case must be reversed, I do not agree with the instructions given.
It is noteworthy that this action began with a dependency petition in juvenile court. Inasmuch as the trial court did not address the issue of dependency, but addressed the case as a custody dispute, the principles of a pure custody dispute between a parent and a nonparent apply. See Ex parte Terry,494 So.2d 628 (Ala. 1986).
It continues to be my position that in recognition of the great deference given to the discretion of the trial court in matters involving the custody of children, the proper instruction for the trial court on remand is to make its determination using the correct standard. See Perkins v.Perkins, 646 So.2d 43 (Ala.Civ.App. 1993), (Thigpen, J., concurring in part and dissenting in part); aff'd in part, rev'd in part, and remanded, Ex parte Perkins, 646 So.2d 46
(Ala. 1994). That posture on remand properly allows the trial court to exercise its discretionary authority to render its judgment in accordance with *Page 617 
the requirements of Ex parte Terry, supra. See e.g., Terry v.Terry, 598 So.2d 966 (Ala.Civ.App. 1992), and Michael v.Swords, 568 So.2d 836 (Ala.Civ.App. 1990). In the case sub judice, the trial court faced an initial custody determination between the biological mother and a nonparent. A biological parent has a prima facie right to custody of his or her child that is superior to the claim of a nonparent. Ex parte Terry,supra. As a matter of law, that "primary parental right of custody is in the best interest and welfare of the child." Exparte Mathews, 428 So.2d 58, 59 (Ala. 1983) (emphasis in original). There are two exceptions when the biological parent's superior right to custody does not apply. See Ex parteTerry, supra, and Terry v. Terry, supra. The first exception, when there is a prior judgment awarding custody to a nonparent, does not apply here since it is undisputed that there was not a prior judgment. The second exception, regarding whether the mother voluntarily forfeited her prima facie right to custody, was not addressed by the trial court, nor on appeal. See Exparte R.C.L., 627 So.2d 920 (Ala. 1993). Absent either of those exceptions, to overcome the strong presumption favoring the mother, the trial court must find from clear and convincing evidence that the mother is unfit. Ex parte Terry, supra. The majority's instruction on remand limits a trial court's discretion by requiring a finding of unfitness to support an award of custody to a nonparent, without recognizing that a trial court may determine that the parent had voluntarily relinquished the favorable presumption.
Although the grandmother did not allege voluntary forfeiture, she presented testimony that might support a favorable finding in that regard. Conversely, the testimony of the mother and the father might support a finding that there was no voluntary forfeiture of that superior right. The trial court and the majority opinion simply "did not address the 'voluntary forfeiture' exception." R.C.L. at 921. If the trial court found that the mother had voluntarily relinquished her superior right to custody over a nonparent, there is no presumption to overcome, and therefore, there is no requirement to find the mother unfit. Ex parte Terry, supra. Accordingly, the trial court could render its decision regarding custody without regard to a biological parent's superior right. On remand, I would instruct the trial court "to consider the case in light of the principles established by [the Ex parte Terry, supra] opinion." Ex parte Terry, at 633. Therefore, although I concur that this case must be reversed, I respectfully dissent to the limited instructions given by the majority. That instruction fails to recognize that the trial court may determine that the mother had voluntarily relinquished her superior right to custody, and therefore, the nonparent was not required to prove unfitness to overcome a presumption favoring the mother that did not exist in this case.